UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
WILLIAM SMITH,

               *Plaintiff,*                                           **18 CV 1425**

    *v.*                                                             **COMPLAINT**

MARINA ICE CREAM CORP.,

               *Defendant.*
------------------------------------------------------------------------×

        Plaintiff William Smith, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Marina Ice Cream Corp. ("Marina") as follows:

### **PRELIMINARY STATEMENT**

        1.      Marina, which is a whole sale ice cream distributer, allowed its warehouse employees, the majority of whom are Hispanic, to address Mr. Smith by racial slurs, including "nigger."  Mr. Smith vehemently opposed racial discrimination and immediately reported it, after which, Marina ordered Mr. Smith to do the worst work in the warehouse, cut off communication with Mr. Smith, and threatened to cut his hours, all in an effort to force Ms. Smith to quit for raising his right to work in an environment free from race-based discrimination.  Ultimately, Mr. Smith was forced to resign, as the working conditions were so intolerable that he could not continue working without severe mental distress.

        2.      Plaintiff Smith seeks damages and costs against Defendant Marina for discriminating against him based on his race (Black) by subjecting him to a hostile work environment, in violation of § 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq*.

1

3. Plaintiff also seeks damages and costs against Defendant for retaliating against him for complaining about race discrimination, in violation of § 1981 and the NYCHRL.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under § 1981.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Plaintiff, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of New York with its principal place of business located at 133-14 Jamaica Avenue Richmond Hill, NY 11418.

10. Marina has three locations across New York—Brooklyn, Long Island, and Queens—and services the tri-state area.

11. Mr. Smith worked at Marina's Queens location.

## STATEMENT OF FACTS

12. On or about July 1, 2017, Marina hired Mr. Smith as a Picker and Packer at its 133-14 Jamaica Avenue, Richmond Hill, New York 11418 location.

13. As a Picker and Packer, Mr. Smith worked in Marina's warehouse and was responsible for distributing ice cream at the warehouse to customers.

14. Throughout his employment, Mr. Smith, who is a black man, was subjected to racist comments from his coworkers, who were predominantly Hispanic.

15. For example, on or about November 4, 2017, one of Mr. Smith's coworkers, known to Mr. Smith only as "Chris," said to Mr. Smith, "Y'all niggers always talking shit. Y'all always saying things."

16. Extremely offended, Mr. Smith reported this incident to his supervisor, known to Mr. Smith only as "Alex."

17. Alex, however, dismissed Mr. Smith's complaint, responding only, "I don't believe you. I've worked with [Chris] for 20 years."

18. Confused, Mr. Smith replied, "I don't understand. I'm telling you what he called me."

19. Alex then ended the conversation, promising Mr. Smith that he would speak to Chris about the issue.

20. After Mr. Smith's complaint on November 4, 2017, Marina reduced his schedule to four days per week, for a new total work week of 36 hours.

21. At the same time, Marina cut the hours of all other black employees in a similar manner and began to assign black employees the most undesirable job responsibilities, such as sweeping and shoveling snow.

22. Alex also started threatening to cut Mr. Smith's hours yet further.

23. Around the same time, Alex asked Marina warehouse employees, including Mr. Smith, to help make deliveries on the truck. When all of the Pickers and Packers said no and explained to Alex that delivery was not part of their job description, Alex threatened to cut everyone's hours.

24. Then, Alex turned to Mr. Smith and told him, "If you don't sit on the truck, I'll cut your hours." So, Mr. Smith got on the truck and participated with the delivery.

25. The next week, Alex cut Mr. Smith's hours anyway.

26. Also around this time, another of Mr. Smith's coworkers, known to him only as "Juan," started to say, "What's up, nigger?" every time Mr. Smith entered the room.

27. Mr. Smith told Juan that he was offended by Juan's use of racial slurs, but Juan continued to call Mr. Smith "nigger."

28. On one occasion, Mr. Smith told Juan to stop using racial slurs in front of another supervisor, known to Mr. Smith only as "Renee," who also told Juan to stop.

29. Juan refused to do so, however, immediately calling Mr. Smith "nigger" again, to which Renee laughed and refused to address the situation further, condoning Juan's discriminatory language.

30. On January 2, 2018, Mr. Smith faxed a complaint to Patrick Confrey, Marina's General Manager, about these discriminatory incidents.

31. After Mr. Smith complained to Marina about the ongoing race discrimination, Mr. Smith's colleagues stopped talking to him, making it difficult for him to complete his job duties.

32. Also, shortly after making this complaint, Mr. Smith found written on the bathroom wall at Marina, "Will is a rat"—a blatant attempt to humiliate Mr. Smith for reporting discrimination.

33. Because Marina has fostered and condoned working conditions so intolerable that a reasonable person would feel compelled to resign, Marina has constructively terminated Mr. Smith's employment.

34. As Mr. Smith is unable to continue working in these hostile, racist conditions, he was constructively terminated from his position at Marina on January 26, 2018.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of § 1981

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. Section 1981 prohibits discrimination in a contractual relationship, such as employment, on the basis of race.

37. Defendant violated § 1981 by subjecting Plaintiff to a hostile work environment based on his race, including allowing Marina employees to call Mr. Smith "nigger".

38. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Hostile Work Environment in Violation of NYCHRL

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of race.

42. Defendant violated the NYCHRL when it subjected Plaintiff to a hostile work environment based on race, including allowing Marina employees to call Mr. Smith "nigger".

43. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

44. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of § 1981

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. Section 1981 prohibits an employer from retaliating against an employee for engaging in protected activity under § 1981.

47. Plaintiff engaged in protected activity under § 1981 when he properly complained to Defendant about race discrimination prohibited under § 1981.

48. Defendant retaliated against Plaintiff by cutting his hours and assigning him the most undesirable job responsibilities.

49. As such, Defendant has violated § 1981.

50. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

51. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of NYCHRL

52. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 51 with the same force as though separately alleged herein.

53. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

54. Plaintiff engaged in protected activity under the NYCHRL when he properly complained to Defendant about race discrimination unlawful under the NYCHRL.

55. Defendant retaliated against Plaintiff by cutting his hours and assigning him the most undesirable job responsibilities.

56. As such, Defendant has violated the NYCHRL.

57. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

58. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of § 1981

59. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 58 with the same force as though separately alleged herein.

60. Section 1981 prohibits discrimination in a contractual relationship, such as employment, on the basis of race.

61. Defendant violated § 1981 by constructively terminating Plaintiff's employment based on his race.

62. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

63. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of NYCHRL

64. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 63 with the same force as though separately alleged herein.

65. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of race.

66. Defendant violated the NYCHRL when it constructively terminated Plaintiff's employment based on his race.

67. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

68. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

B. For the second cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

C. For the third cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

D. For the fourth cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

E. For the fifth cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

F. For the sixth cause of action, compensatory damages, punitive damages, attorneys' fees, and costs to be determined at trial;

G. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 7, 2018

Respectfully submitted,

THE HARMAN FIRM, LLP

By:   s/Walker G. Harman, Jr.
Walker G. Harman, Jr. (WH-8044)
Edgar M. Rivera (ER-1378)
234 Fifth Avenue, #409
New York, NY 10001
Telephone: (212) 425-2600
Facsimile: (212) 202-3926
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*